NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

PENOBSCOT BAY LONGSHOREMEN'S LOCAL 1519, Respondent.

No. 6019.

United States Court of Appeals First Circuit.

Nov. 21, 1962.

Warren M. Davison, Attorney, Washington, D. C., with whom Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Robert A. Armstrong, Attorney, were on brief, for petitioner.

Nathan Greenberg, Boston, Mass., for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

The respondent union protests an order imposing upon it responsibility for the back pay of a part-time non-union worker who did not return to work, except when no union men were available, following the union's insistence that the employer respect its agreement [1] to hire union men first. Respondent tells us such agreements are "common." They are nonetheless illegal. N. L. R. B. v. Jarka Corp., 3 Cir., 1952, 198 F.2d 618; N. L. R. B. v. Lummus Co., 5 Cir., 1954, 210 F. 2d 377. The union's contentions that "their union obligations required them to make these overtures," and that because

---

1. The word "agreement" was put into a witness's mouth by respondent's counsel. We think on the evidence as a whole "policy" or "practice" would be more accurate. However, any difference is here immaterial.

the charging party then told the employer he would not come back when union men were available because "I don't want any trouble," and so must be regarded as having "voluntarily ceased work," are without merit. The union plainly caused an employer to discriminate against an employee on the basis of his lack of union membership in violation of section 8(b)(2) of the Labor Management Relations Act, 1947, 29 U.S.C. § 158(b) (2).

Decree will be entered enforcing the order of the Board.